## Williams v. Keystone Automobile Club.

' *H. G. Knouse*, for plaintiff; *H. B. Beitler*, for defendant.

MARTIN, P. J., July 26, 1929.—An action of trespass was instituted by plaintiff against the defendant to recover damages for personal injuries alleged to have been caused by the negligence of an employee of defendant.

A statement of claim was filed, alleging that defendant furnished an automobile for the use of plaintiff and that the chauffeur in charge of the automobile, while plaintiff was a passenger, so negligently controlled the motion of the automobile that it collided with another automobile, resulting in the injuries of which plaintiff complains. The statement alleges that defendant, by fraud, misrepresentation and duress, obtained the signature of plaintiff to a release and that the money paid as consideration for the release was paid by defendant to plaintiff for charitable purposes, and not as compensation to release her claim, and that she was assured by the agent of defendant that her signature to the papers would not estop her from prosecuting this suit.

The affidavit of defense admitted that defendant furnished the automobile and driver to plaintiff and averred that it was supplied for her free transportation, pursuant to her request. Defendant denied that the driver was negligent, and alleged that at the time of the accident the automobile and driver were under the direction and control of plaintiff. It is alleged that plaintiff executed a general release of all claims against defendant and received $450, the consideration for the release, in satisfaction of her claim, and that the settlement was made with her after full discussion and without any fraud, misrepresentation or duress. It is denied that the money paid to her for the settlement was a gift for charity, as alleged in the statement of claim, but averred that it was in payment and satisfaction of plaintiff's claim. It is denied that assurances were made to plaintiff that the release she signed was not a final acquittance of her claim.

Plaintiff filed a paper which she endorsed as a reply to "new matter contained in the affidavit of defense."

There was no new matter contained in the affidavit of defense. In her reply, plaintiff reiterated the allegations contained in her statement of claim. Defendant moved to strike from the record "plaintiff's reply to new matter," assigning that the affidavit of defense contains only what is properly pleaded as a defense to plaintiff's claim, and does not include new matter; and that the reply to new matter does not conform to the Practice Act of May 14, 1915, P. L. 483, in that it contains conclusions of law as averments; that it constitutes merely a repetition of what appears in plaintiff's statement of claim, and averments of evidence by which the facts of the case are to be proven, and contains averments of wholly immaterial facts.

And now, to wit, July 26, 1929, the motion is allowed to strike off the reply to new matter contained in the affidavit of defense, and it is ordered that the reply be struck off.